IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| ALANNA WATKINS<br>813 Avanti Place<br>Landover, MD 20785 | *<br>*<br>*<br>* | |
| Plaintiff, | *<br>* | |
| V. | *<br>* | Civil Action No._____ |
| WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 Fifth Street, N.W.<br>Washington, DC 20001 | *<br>*<br>*<br>*<br>*<br>* | Jury Demanded |
| Defendant. | * | |

COMPLAINT

COMES NOW Plaintiff Alanna Watkins, by and through her undersigned counsel, and sues Defendant Washington Metropolitan Area Transit Authority ("WMATA" or "Defendant") and for cause of action states as follows:

NATURE OF THE CASE

1. Plaintiff Alanna Watkins ("Plaintiff' or "Detective Watkins") brings this civil action for relief from Defendant's discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.;* and the Civil Rights Act of 1991, 42 U.S.C. §1981a; for relief from discrimination based on retaliation (prior protected EEO activity), and hostile work environment.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under laws of the United States, specifically the Title VII. 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1343.

3. Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of Defendant, an Agency of the federal government that operates within the District of Columbia, and occurred in the District of Columbia. 28 U.S.C. § 1391. Venue is further proper in this district because there is no other district in which this action may otherwise be brought. *Id.*

## EXHAUSTION OF REMEDIES

4. Plaintiff timely contacted the United States Equal Employment Opportunity Commission ("EEOC") and filed a complaint against WMATA alleging violations of Title VII, identified as EEOC Charge No. 570-2012-01340.

5. Plaintiff has exhausted all of her administrative remedies.

6. On or about April 1, 2013, Plaintiff timely submitted a Form 5 Charge to the EEOC, and on or about January 2, 2014, she submitted and Amended Form 5 Charge.

7. The EEOC mailed Plaintiff a "Notice of Right to Sue," dated August 13, 2019, which provided her with 90-days from receipt of that notice to file her federal lawsuit.

8. Plaintiff hereby timely files this action within 90 days after receipt of the EEOC's notice of the right to sue.

## PARTIES

9. Plaintiff is currently domiciled at 813 Avanti Place, Landover, Maryland 20785. Plaintiff is a resident of the Prince George's County, Maryland and a United States citizen.

10. Defendant WMATA is an instrumentality created by Congress to operate a mass transit system in the District of Columbia and the surrounding Metropolitan area and is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of its employees or agents and is therefore are liable pursuant to the doctrine of *Respondeat Superior.*

## FACTS

11. Plaintiff incorporates all information and allegations contained in the preceding

paragraphs as if fully set forth herein.

12. Beginning early 2012, Det. Watkins began repeatedly complaining through her chain of command about her then supervisor Sergeant Muller's discriminatory and denigrating conduct, including calling her and other female detectives "bitches."

13. Because of action was taken by WMATA, she submitted an Intake Questionnaire with the EEOC and subsequently filed a formal Charge based upon gender discrimination a hostile work environment.

14. Since complaining about the discriminatory treatment and hostile work environment, Det. Watkins supervisors, including Chief Taborn, Lieutenant Boehm, Captain Byrd, Sergeant Clayton, Captain Proctor, and Deputy Chief Campbell, have retaliated against her.

15. Despite performing her duties at an acceptable level, Det. Watkins was unjustly demoted on or around December 2, 2012.

16. Upon information and belief, other similarly situated employees who had the same performance as Det. Watkins, who did not have prior EEO activity were not demoted.

17. On or around December 13, 2012, she was charged with dereliction.

18. Upon information and belief no other employees who have committed the same act(s) as Det. Watkins, and who had no EEO activity, were charged with dereliction of duty.

19. On or around December 13, 2012, Det. Watkins was placed on a corrective action plan by Lt. Boehm.

20. Upon information and belief, similarly situated employees with the same performance as Det. Watkins, but had no EEO activity, were not placed on a corrective action plan.

21. On or around May 28, 2013, she was charged with dereliction, twice.

22. Upon information and belief, no other similarly situated employees who have committed the same act(s) as Det. Watkins, and who had no EEO activity, were charged with dereliction of duty.

23. On or around May 2013, Det. Watkins was placed on a one-day suspension.

24. Upon information and belief, no other similarly situated employees who have committed the same act(s) as Det. Watkins, and who had not EEO activity, were placed on suspension.

25. On or around June 2013, Sgt. Clayton reassigned one of Det. Watkins cases to a coworker who had no known EEO activity.

26. Upon information and belief no other similarly situated employees, with no EEO activity, have had their cases reassigned.

27. On or around June 2013, Det. Watkins learned through a conversation with a coworker of the option to work alternative work hours, of which her coworkers (no known EEO activity) were informed in April 2013.

28. On or around July 5, 2013, Det. Watkins' submission for outside employment was delayed.

29. Upon information ad belief no other similarly situated employees with no EEO activity, had their submissions for outside employment delayed.

30. In July 2013, Det. Watkins was provided an undeserved low performance evaluation ("2").

31. Upon information and belief, no other similarly situated employee(s) with no EEO activity who had the same or worse performance, was/were given a low performance evaluation.

32. On or around August 2013, Det. Watkins' approved request to work outside employment was rescinded.

33. Upon information and belief, no other similarly situated employees with no EEO activity had their work request to work outside employment rescinded.

34. Detective Watkins had her leave bank audited, which resulted in an incorrect reporting of her leave usage.

35. Upon information and belief, no other similarly situated employee had leave requests audited resulting in incorrect reporting of the employee's leave usage.

36. On November 27, 2013, Detective Watkins was charged with dereliction.

37. Upon information and belief no other similarly situated employees who have committed the same act(s) as Det. Watkins, and who had no EEO activity, were charged with dereliction of duty.

38. Det. Watkins was constructively discharged from her position based on the hostile work environment to which she was subjected.

## CAUSES OF ACTION

### COUNT ONE
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*
### (Hostile Work Environment)

39. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

40. As a result of Plaintiff's protected status and participation in protected activity, Plaintiff's supervisors routinely humiliated Plaintiff and engaged in persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII.

41. Plaintiff was regularly and continually subjected to harassing conduct that alleged throughout this Complaint, which created a hostile and abusive work environment.

42. Plaintiff believes that she was subjected to a hostile work environment based on her protected activity.

43. Defendant's unlawful conduct was unwelcome.

44. Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

45. Plaintiff was subjected to harassment because of her EEO activity, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

46. Defendant knew or should have known of the harassment. Defendant failed to

adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

47. By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

48. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior.*

49. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

50. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

51. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

- Award compensatory damages in excess Two Hundred Thousand Dollars ($200,000.00);

- Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

- Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

- Award reasonable attorney fees, costs, and expenses incurred for this action;

- Order Defendant to institute a policy and procedure to be

implemented against discrimination;

- Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

- Supervisory training for the supervisors at issue herein;

- Award equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## COUNT TWO
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*
### (Retaliation)

52. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

53. Plaintiff regularly complained to her supervisor and throughout her chain of command regarding the discriminatory and retaliatory treatment and hostile work environment that she was experiencing.

54. Soon after complaining, Plaintiff was subjected to adverse actions alleged throughout this Complaint.

55. Defendant subjected Plaintiff to the aforementioned adverse employment actions because of her participation and opposition to the unlawful and discriminatory employment practices of Defendant in violation of Title VII.

56. Defendant, including Plaintiff's supervisors, knew of Plaintiff's engagement in protected activity prior to engaging in the aforementioned adverse actions when they were informed by Plaintiff.

57. The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of Plaintiff having previously engaged in protected EEO activity.

58. Plaintiff's prior protected activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

59. Plaintiff's prior protected activity was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

60. Similarly situated employees (no known prior EEO activity) were not subjected to the same, similar or any adverse treatment.

61. The adverse treatment that Plaintiff was being subjected to by Defendant was obvious to her co-workers who could and did observe the distress that it caused Plaintiff.

62. Defendant's unlawful conduct has created a climate of fear and intimidation for Plaintiff and other employees, which creates a chilling effect in violation of Title VII.

63. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

64. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment.

65. Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her participation and opposition to Defendant's discriminatory conduct.

66. By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

67. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior.*

68. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

69. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and

actions were ongoing.

70. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

- Award compensatory damages in excess Two Hundred Thousand Dollars ($200,000.00);

    - Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

    - Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

    - Award reasonable attorney fees, costs, and expenses incurred for this action;

    - Order Defendant to institute a policy and procedure to be implemented against discrimination;

    - Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    - Supervisory training for the supervisors at issue herein;

    - Award equitable, declaratory, and injunctive relief; and

    i. Award such other and further relief as this Honorable Court deems just and proper

## COUNT THREE
### Equitable Relief

71. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

72. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

- Order the Defendant institute a policy and procedure to be implemented against discrimination;

- Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

- Supervisory training for the supervisors at issue herein; and

- Such other and further relief as this Court deems just and proper.

## COUNT FOUR
### (Constructive Discharge)

73. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

74. Defendant deliberately and intentionally created a work environment that was hostile to employees, including Plaintiff, who asserted their EEO rights.

75. Defendant's aforementioned deliberate and unlawful discriminatory and retaliatory conduct, which includes, but is not limited to demoting her, denying her overtime, denying her leave request, issuing derelictions against her hampering her ability to be promoted.

76. Plaintiff did not leave her employment with the Defendant of her own accord.

77. Under the working conditions mentioned in this Complaint that Plaintiff experienced, a reasonable person would have been compelled to resign.

78. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her participation and opposition to Defendant's discriminatory conduct.

79. Defendant is directly liable for the discriminatory acts or omissions of its respective agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

80. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered and continues for suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

81. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Defendant's treatment and actions were ongoing.

82. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c. Award reasonable attorney fees, costs and expenses incurred for this action;

d. Declaratory and injunctive relief;

e. Order the Defendant to institute a policy and procedure to be implemented against discrimination;

f. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g. Supervisory training for the supervisors at issue herein; and

    h.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

83.    Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

By: */s/Donna Williams Rucker*
DONNA WILLIAMS RUCKER
(D.C. Bar 446713)
Tully Rinckey PLLC
2001 L St. NW, STE. 920
Washington, DC 20036
Office: (202) 787-1900
Facsimile: (202) 640-2059
Email: drucker@fedattorney.com

November 18, 2019                              Counsel for Plaintiff