**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ALANNA WATKINS, | |
| Plaintiff, | |
| v. | No. 13-cv-963 (TSC) |
|  | No. 19-cv-3478 (TSC) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | |
| Defendant. | |

**OPINION & ORDER**

On August 15, 2025, the court granted Defendant's Motion for Summary Judgment and ordered the Clerk of the Court to close this case. Plaintiff had 30 days from the entry of that judgment to notice her appeal. *See* Fed. R. App. P. 4(a)(1)(A). On October 9—55 days after the entry of judgment—Plaintiff untimely filed a Notice of Appeal. *See* Pl.'s Notice of Appeal, No. 19-cv-3478, ECF No. 55. Realizing her mistake, Plaintiff moved for an extension of time *nunc pro tunc* on October 14, 30 days after the original deadline for noticing an appeal. *See* Pl.'s Mot., ECF No. 57. Defendant understandably opposes Plaintiff's request. *See* Status Report, ECF No. 59 (stating Defendant's opposition); *see also Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003) ("[T]he legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced[.]"). However, because Plaintiff has demonstrated excusable neglect, the court GRANTS Plaintiff's Motion for an Extension of Time to File, ECF No. 57.

"The time limit for noticing an appeal is both mandatory and jurisdictional." *Slovinec v. Am. Univ.*, 552 F. Supp. 2d 12, 13 (D.D.C. 2008). Under Federal Rule of Appellate Procedure

4(a)(5)(A), the "district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the" original deadline to file and (ii) "that party shows excusable neglect or good cause." Plaintiff meets the first requirement because she moved for an extension on October 14, exactly 30 days after her Notice of Appeal was initially due. The more difficult question is whether Plaintiff has adequately demonstrated either excusable neglect or good cause.

The excusable neglect and good cause standards operate in "different domains." *Lorenzen v. Emps. Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990). "The excusable neglect standard applies in situations in which there is fault," while the "good cause standard applies in situations in which" there is not. Fed. R. App. P. 4(a)(5)(A)(ii)'s Advisory Committee's Note to 2002 Amendments. Here, Plaintiff concedes fault. She notes that the associate assigned to her appeal "inadvertently noted" an incorrect filing date. Pl.'s Mot. at 1. The associate claims that he made this mistake because his "significant other was experiencing a [distressed] pregnancy" which resulted in a miscarriage on September 11. *Id.* at 2; *see also* Pl.'s Mot. Ex. A ¶ 5, ECF No. 57-1. Because of the associate's mistake, the deadline was incorrectly entered on the calendar of the partner supervising the case who, due to her own "inadvertence," did not discover the error until the associate took "bereavement leave." Pl.'s Mot. at 2. Accordingly, the excusable neglect standard applies.

The excusable neglect inquiry "is at bottom an equitable one," which "tak[es] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). Relevant factors include: "(1) the danger of prejudice to the opposing party; (2) the length of the delay . . . ; (3) the reason for the delay . . . ; and (4) whether the late party acted in good faith." *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 11 (D.D.C. 2003) (citing *Pioneer*, 507 U.S. at 395). "In the typical case," as is the case here,

"the first two *Pioneer* factors will favor" a party who moves for an extension under Rule 4(a)(5)(A). *Silivanch*, 333 F.3d at 366. Because such a motion must be made within 30 days of the original filing deadline, the "delay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible." *Lowry v. McDonnel Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). Likewise, because the absence of good faith is rare, the fourth *Pioneer* factor typically favors the moving party, as is again the case here. *See Silivanch*, 333 F.3d at 366. Thus, the decision tends to boil down to the moving party's reason for delay. *See Jarvis v. Parker*, 13 F. Supp. 3d 74, 78 (D.D.C. 2014) (describing the reason for the delay as the "most important" factor (cleaned up)).

Plaintiff's reason for delay is compelling. Although "'mis-calendaring' or miscalculating the due date" does not usually "constitute excusable neglect," *Miley v. Hard Rock Hotel*, 537 F. Supp. 3d 1, 5 (D.D.C. 2021) (quoting *Inst. for Pol'y Stud. v. CIA*, 246 F.R.D. 380, 383 (D.D.C. 2007)), there are significant extenuating circumstances in this case. Counsel made the mistake because he was under distress due to his significant other's troubled pregnancy. *See* Pl.'s Mot. at 1–2; *see also* Pl.'s Mot. Ex. A ¶ 5. Consequently, this is not "a garden variety claim" involving "a simple miscalculation" of time. *Galloway v. Watt*, 185 F. Supp. 3d 130, 134 (D.D.C. 2016).

To be sure, this is a close call. *Compare Jaburek v. Foxx*, 813 F.3d 626, 630 (7th Cir. 2016) (counsel's health issues can support a finding of excusable neglect) *with Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58, 65 (1st Cir. 2001) ("[A] lawyer's duty of diligence transcends both upheaval at work and personal tragedy."). It is important that lawyers meet their filing deadlines even during times of great stress. But because the court is satisfied that the Plaintiff has shown excusable neglect under the particular circumstances of this case, Plaintiff's Motion for an Extension of Time to File is GRANTED.

**IT IS SO ORDERED.**

Date: October 20, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge